UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

FILED
2017 DEC 15 AM 11:30

| | |
|---|---|
| LINDSEY NICKEL-DE LA O, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SAKS FIFTH AVENUE LLC, a Massachusetts limited liability company,<br><br>*Defendant.* | CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>3:17-cv-1399-J-25PDB |

## CLASS ACTION COMPLAINT

Plaintiff Lindsey Nickel-De La O ("Plaintiff" or "Nickel-De La O") brings this class action against Defendant Saks Fifth Avenue LLC ("Saks" or "Defendant") to stop its practice of sending unsolicited text messages to cellular telephones without the recipient's prior express written consent and to obtain redress for all persons injured by its conduct, including injunctive relief. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated sending of unwanted solicitation text messages to consumers' cellular telephones – and even to those who have registered their numbers on the National Do Not Call Registry – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

1

2. By sending these text messages, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such text messages, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such text messages, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

3. The TCPA was enacted to protect consumers from text messages like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all solicitation text-messaging activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Class under the TCPA, costs, and reasonable attorneys' fees.

**PARTIES**

4. Plaintiff is a natural person residing in the City of Sarasota in the State of Florida.

5. Defendant is a company organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 12 E. 49th Street, 2nd floor, New York, New York 10017. Defendant does business in this District and throughout the State of Florida.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in this District,

solicits consumers in this District, sent and continues to send unsolicited text messages to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in and/or was directed to this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

8. In recent years, companies, including Defendant, have turned to unsolicited telemarketing as a way to increase its customer base.

9. Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires *"prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. Yet, in violation of this rule, Defendant fails to obtain prior express written consent to send solicitation text messages to consumers' cellular telephones.

12. Defendant sent, and continues to send, text messages from SMS shortcode 752-83.

13. Defendant sent the same (or substantially the same) text message *en masse* to thousands of cellular telephone numbers throughout the United States.

14. In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agents) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

15. In fact, Defendant admits that is uses autodialed marketing text messages on its very own website:[1]

**SUBMIT**

By submitting this form, you agree to receive up to 5 autodialed marketing text messages per week delivered to the phone number provided at opt-in. Text HELP for info. Text STOP to cancel. Consent not required to purchase goods or services. Message and data rates may apply. Terms of Use & Privacy Policy

16. Defendant knew, or is reckless in not knowing, that its text messages to Plaintiff and members of the class are unlawful.

---

[1] https://www.saksfifthavenue.com/main/SMS.jsp; (last accessed on December 14, 2017).

4

## FACTS SPECIFIC TO PLAINTIFF NICKEL-DE LA O

17. On February 10, 2009, Plaintiff's cellular telephone number was registered on the National Do Not Call Registry.

18. In late 2013, Plaintiff purchased a product from Defendant's website as a gift. In doing so, she provided her cellular telephone number, but *did not* provide her express written consent to be contacted on her cellular telephone using an ATDS.

19. Since 2014, Plaintiff has received a series of solicitation text messages from SMS shortcode 752-83. The text messages have been sent out on at least a weekly basis.

20. As an example of the text messages Plaintiff received, on October 26, 2017 she received a text message from SMS shortcode 752-83 on her cellular telephone that read, "[w]arm up to cold weather with the most luxurious fur layers from the Fur Salon at Saks. Shop Fur: http://s5a.in/l3X871."

21. On November 15, 2017, Plaintiff received another text message from SMS shortcode 752-83 that read, "[w]ant a GIFT CARD up to $700? Do all your holiday shopping at Saks and use code NOV2017 to save. Shop: http://s5a.in/l39D5C. Text HELP for info, STOP to end."

22. The aforementioned text messages, including others Plaintiff received, are displayed below:



23. The above referenced SMS shortcode is owned and/or operated by Saks.

24. Furthermore, each of the links provided in the text messages redirected Plaintiff to Sak's website.

25. Each of the text messages sent by Saks were sent for the purpose of soliciting Plaintiff's business.

26. Defendant's calls disturbed Plaintiff's use and enjoyment of her cellular telephone, in addition to the wear and tear on the cellular telephone's hardware (including the cellular telephone's battery) and the consumption of memory on their cellular telephones.

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seek certification of the following Class:

**Text Message No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint in this case through the present: (1) Defendant (or a third person acting on behalf of Defendant) sent solicitation text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it puportedly obtained prior express written consent to send automated text messages to the Plaintiff.

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

29. **Numerosity**: The exact sizes of the Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

    (c) whether members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct;

    (d) whether Defendant systematically made multiple telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry; and

    (e) whether Defendant obtained prior express written consent to contact any class members.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff have no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits

of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)

33.     Plaintiff repeats and re-alleges paragraphs 1-32 of this Complaint and incorporates them herein by reference.

34.     Defendant sent solicitation text messages to cellular telephone numbers belonging to Plaintiff and other members of the Text Message No Consent Class without first obtaining prior express written consent to receive such autodialed solicitation text messages.

35.     Defendant sent the autodialed text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

36.     By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Text Message No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

37.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Text Message No Consent Class are

each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

38. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

## PRAYER FOR RELIEF

39. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

40. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

41. An order declaring that Defendant's actions, as set out above, violate the TCPA;

42. A declaratory judgment that Defendant's text-messaging equipment constitutes an automatic telephone dialing system under the TCPA;

43. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful text-messaging practices;

44. An order requiring Defendant to identify any third-party involved in the autodialed text messaging as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

45. An injunction requiring Defendant to cease all unsolicited autodialed text-messaging activities, and otherwise protecting the interests of the Class;

46. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive text messages made with such equipment;

47. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

48. An injunction prohibiting Defendant from conducting any future telemarketing activities until they have established an internal Do Not Call List as required by the TCPA;

49. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

50. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 15, 2017

Respectfully Submitted,

| HIRALDO P.A. | LAW OFFICES OF STEFAN COLEMAN P.A. |
|---|---|
| /s/ *Manuel S. Hiraldo* <br> Manuel S. Hiraldo, Esq. <br> Florida Bar No. 030380 <br> 401 E. Las Olas Boulevard <br> Suite 1400 <br> Ft. Lauderdale, Florida 33301 <br> mhiraldo@hiraldolaw.com <br> Telephone: 954.400.4713 | Stefan Coleman, Esq. <br> Florida Bar No. 00030188 <br> 201 S. Biscayne Blvd., 28th Floor <br> Miami, Florida 333131 <br> Telephone: (888) 333-9427 <br> Facsimile: (888) 498-8946 |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff and the Class* |